Carey-Lombard Lumber Co. v. Carrier.

---

## The Carey-Lombard Lumber Co. v. J. C. Carrier et al.

1. MECHANICS' LIENS—*When a Bill for a Lien is Erroneously Dismissed.*—Where there is money in the hands of the owner of a building in the course of erection, which should be applied to the payment of the person furnishing lumber for the erection of such building, the requirements of the lien law having been complied with, it is error to dismiss a bill filed for the purpose of foreclosing the lien.

**Bill to Foreclose a Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed December 4, 1900.

**Statement.**—This is a bill filed by the Lumber Company, appellant, to foreclose a mechanic's lien against the property in controversy, under the lien law of 1874.

The bill alleges that appellant was a dealer in lumber; that Chandler was a contractor; that he had entered into a contract with Carrier, the owner (appellee), the contents of which contract appellant was uninformed of and therefore can not state; that appellant, in pursuance of its contract with Chandler, furnished him $659.25 worth of lumber for Carrier's house; that appellant served in proper time, a proper mechanic's lien notice upon Carrier, the owner; that at the time of service of the notice, there was due from the owner to the contractor, more than sufficient to pay appellant's claim; that the owner and contractor refused to pay; and that the lumber was delivered at, was incorporated into and actually became a part of said house; and all the other necessary allegations to give appellant a mechanic's lien upon the premises.

The answer of Carrier says contract was in writing; that the house was to be built according to plans, specifications and drawings, and that he is ready to produce contract, plans, specifications and drawings upon the trial; denies that building was completed and accepted, but says Chandler abandoned his contract and refused to complete, and says there was nothing due when appellant served its notice.

Charles F. Schumacher, Jr., was trustee under a trust deed, and made a formal answer, but before the trial his trust deed was paid off, and he did not appear at the trial of this cause, having no interest at that time.

The amendment to the bill alleges that Chandler abandoned the work on or about April 10, 1893; that the unfinished building, at that time, was reasonably worth a large sum over and above the aggregate of the amounts already paid thereon, and of any damages that may have been sustained by reason of the non-fulfillment of the original contract for the erection of the building, to wit, a sum greater than the amount due to appellant, and that no other persons have any mechanics' liens against the premises.

James H. Hooper, solicitor for appellant.

No appearance for appellee.

Mr. Justice Horton delivered the opinion of the court.

There was no appearance in this court by the appellees. It is that kind of a case in which we might be warranted in reversing and remanding for that reason. It appears from the abstract that appellant served a notice upon appellee, as owner, that it would claim a lien as sub-contractor upon the premises in question. That notice was served upon appellee, April 10, 1893. No work was done by the contractor upon said premises after that date. Appellees hired men and completed the work which should have been done by the contractor. The evidence tends to show that at the contract price, that part of the work which was completed by the contractor, was worth from $1,050 to $1,100. Also, that but a small part of that sum had been paid to appellant

when the notice was served.  It is not entirely clear from said abstract that anything except the sum of seventy-seven dollars had been paid.  Neither does it clearly appear what it cost to complete the building according to the contract.

The evidence tends to show that there was money in the hands of appellees due and owing to the contractor at the time such lien notice was served upon him.  It seems to be clearly shown that appellees paid money to other sub-contractors after such notice was served, and that some, at least, of such payments can not be held to be valid as against appellant.  We are unable to determine which of the payments made by appellees are good as against the rights of appellant; but it appears that there was money in the hands of appellees which should have been applied to the payment, in whole or in part, of the claim or lien of appellant.

The decree of the Superior Court dismissing said bill at the cost of appellant is reversed and the cause remanded.